tion allege that the attorneys, Foster and Elam, were entitled to their fee and to a recognition of their privilege on the fund.

On appeal, with consent of parties, the appeal of the intervener, S. I. Foster, garnishee, was consolidated with the appeal in the main suit; i. e., No. 18,466 of the docket of this court was consolidated with No. 17,925.

The parties, it follows, are properly before the court.

The following propositions are presented by plaintiff:

First. While virtually conceding that the failure to traverse garnishee's answer binds the plaintiff in garnishment, if this be true, is the position of plaintiff, it is only bound by the statement and declaration that he (Foster) has a claim against the $400.

The following is literally the answer:

"Further answering, S. I. Foster and C. W. Elam have a privilege and claim of $400 against said proceeds for attorney's fees in filing suit and collecting same."

The answer is infelicitous. It is, none the less, evident that the purpose was to recover the $400 as a fee.

The garnishee had other funds in his hands, which he paid.

He was authorized to retain as a set-off any indebtedness due by the fund.

The garnishee is entitled, in estimating the amount of his liability, to the benefit of any set-off which in his hands—

"could be made available by way of set-off in any of the modes provided, if the proceedings were not directly against him by his creditor for the enforcement of his liability." Am. & Eng. of Law (2d Ed.) vol. 14, p. 845.

In a case somewhat similar to the present the court said:

"This has been accomplished by the plaintiff creditors, who have devoted time, money, and labor to secure this property. The mass of creditors receive the benefits. They must pay for all costs and expenses, including attorney's fees." McGraw v. Andrus, 45 La. Ann. 1080, 13 South. 630.

The debtor was insolvent for whose account the sum had been collected by the attorney originally. He had left the state. His right was upon the fund collected through him.

Upon paying over the amount, he had a right to his fee.

This was in effect his answer to the interrogatories.

For reasons stated, let there be judgment in favor of the garnishee, S. I. Foster, for the sum of $400, with 5 per cent. interest from judicial demand, the said sum to be deducted from larger amount collected by S. I. Foster.

The judgment of the district court and of this court is amended to the extent of allowing this fee to the attorney, and, as amended, the judgment of this court is reaffirmed.

---

(53 South. 977.)

No. 18,466.

FIRST NAT. BANK v. MARTIN (FOSTER et al., Garnishees, and CAVANAUGH et al., Interveners.)

(Jan. 3, 1911.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. Sorelle, Judge.

Action by the First National Bank against S. P. Martin and others; S. I. Foster and others, garnishees. James M. Cavanaugh and others intervene. Judgment for plaintiff, and garnishees appeal. Amended and affirmed.

C. W. Elam, for appellants. D. M. Sholars, for appellee.

BREAUX, C. J. Instead of writing one judgment in the two consolidated cases, two judgments are written, equivalent to one—only one sum being awarded in each. The consolidation having been ordered after the appeal had been taken, two judgments are rendered as above mentioned in order to dispose of the two cases on this court's docket.

For the reasons assigned in the opinion this day handed down in the case of First National Bank of Leesville v. S. P. Martin, Lee McAlpin, S. I. Foster, Garnishees, and Joseph M. Cavanaugh et al., Interveners, No. 17,925, ante, p. 733, 53 South. 973, on rehearing.

It is ordered, adjudged, and decreed that there be judgment in favor of the garnishee, S. I.

Foster, for the sum of $400, with 5 per cent. interest from judicial demand, the said sum to be deducted from larger amount collected by S. I. Foster.

The judgment of the district court and of this court is amended to the extent of allowing this fee to the attorney, and, as amended, the judgment of this court is reaffirmed.

It is ordered that the judgment in this case is the same as the judgment in same title (No. 17,925).